IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| UNITED STATES OF AMERICA | : | 1:13CR339-1 |
| --- | --- | --- |
| v. | : | |
| VENDAI LAPRIEST IRICK | : | PLEA AGREEMENT |

NOW COME the United States of America, by and through Ripley Rand, United States Attorney for the Middle District of North Carolina, and the defendant, VENDAI LAPRIEST IRICK, in his own person and through his attorney, Gregory Davis, and state as follows:

1. The defendant, VENDAI LAPRIEST IRICK, is presently under Indictment in case number 1:13CR339-1, which charges him with a violation of Title 18, United States Code, Section 1951(a), interference with commerce by robbery.

2. The defendant, VENDAI LAPRIEST IRICK, will enter a voluntary plea of guilty to the Indictment herein. The nature of this charge and the elements of this charge, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to him by his attorney.

    a. The defendant, VENDAI LAPRIEST IRICK, understands that the maximum term of imprisonment provided by law for the Indictment herein is not more than twenty years, and the maximum

fine for the Indictment herein is $250,000, or both. If any person derived pecuniary gain from the offense, or if the offense resulted in pecuniary loss to a person other than the defendant, VENDAI LAPRIEST IRICK, the defendant may, in the alternative, be fined not more than the greater of twice the gross gain or twice the gross loss unless the Court determines that imposition of a fine in this manner would unduly complicate or prolong the sentencing process. The fine provisions are subject to the provisions of Title 18, United States Code, Section 3571, entitled "Sentence of Fine."

    b. The defendant, VENDAI LAPRIEST IRICK, also understands that, as to the Indictment herein, the Court may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release of not more than three years after imprisonment, pursuant to Title 18, United States Code, Section 3583.

    c. The defendant, VENDAI LAPRIEST IRICK, understands that the Court shall order, in addition to any other penalty authorized by law, that the defendant make restitution to any victim of the offense to which he is pleading guilty, pursuant to Title 18, United States Code, Section 3663A(a)(1). The defendant, VENDAI LAPRIEST IRICK, further agrees to pay restitution, as determined by the Court, to any victims harmed

by defendant's "relevant conduct," as defined by U.S.S.G. § 1B1.3, pursuant to Title 18, United States Code, Section 3663A(a)(3).

   d. The defendant, VENDAI LAPRIEST IRICK, further understands that the sentence to be imposed upon him is within the discretion of the sentencing court subject to the statutory maximum penalties set forth above. The sentencing court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

   e. The defendant, VENDAI LAPRIEST IRICK, understands that if he is not a citizen of the United States that entering a plea of guilty may have adverse consequences with respect to his immigration status. The defendant, VENDAI LAPRIEST IRICK, nevertheless wishes to enter a voluntary plea of guilty regardless of any immigration consequences his guilty plea might

3

entail, even if such consequence might include automatic removal and possibly permanent exclusion from the United States.

3. By voluntarily pleading guilty to the Indictment herein, the defendant, VENDAI LAPRIEST IRICK, knowingly waives and gives up his constitutional rights to plead not guilty, to compel the United States to prove his guilt beyond a reasonable doubt, not to be compelled to incriminate himself, to confront and cross-examine the witnesses against him, to have a jury or judge determine his guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, VENDAI LAPRIEST IRICK, is going to plead guilty to the Indictment herein because he is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

    a. It is further understood that if the Court determines at the time of sentencing that the defendant, VENDAI LAPRIEST IRICK, qualifies for a 2-point decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level

pursuant to Section 3E1.1(b) of the Sentencing Guidelines. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.

6. The defendant, VENDAI LAPRIEST IRICK, agrees that pursuant to Title 18, United States Code, Section 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. The defendant agrees that if the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

7. It is further understood that the United States and the defendant, VENDAI LAPRIEST IRICK, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

8. The defendant, VENDAI LAPRIEST IRICK, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $100 for each offense to which he is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States

District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

9. No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This the 1st day of November, 2013.

RIPLEY RAND
United States Attorney

KYLE D. POUSSON
NCSB #38437
Special Assistant United
    States Attorney

101 S. Edgeworth St., 4th Flr.
Greensboro, NC 27401
336/333-5351

GREGORY DAVIS
Attorney for Defendant

VENDAI LAPRIEST IRICK
Defendant